```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Michael Gorsuch

    v.                                Civil No. 10-cv-495-JD
                                        Opinion No. 2011 DNH 089

James Maloney, et al.

## O R D E R

In his first complaint, Michael Gorsuch brought federal and state claims, naming the City of Nashua, several Nashua police officers, and New Hampshire State Troopers Carleen Bowman and Mark Nash as defendants. Gorsuch then filed an amended complaint to add a federal conspiracy claim against Nashua, Nashua police officers and Troopers Bowman and Nash. Bowman and Nash move to dismiss the malicious prosecution claim in Count II of the Amended Complaint.[1] Gorsuch concedes that his claims against Bowman and Nash in their official capacities should be dismissed, reiterates his claims against them in their individual capacities, and objects to dismissing his malicious prosecution claim.

---

[1] Although Bowman refers to the federal claim against her in her motion to dismiss, she does not make any developed argument as to why it should be dismissed. Therefore, the motion is construed to address only the state law claim in Count II.

There appears to be confusion about which claims are brought against Bowman and Nash. In Count II, the malicious prosecution claim arising from the "administrative driver's license proceeding," Gorsuch names as defendants the City of Nashua, the State of New Hampshire, Nashua police officers Maloney and Fisher, and Trooper Bowman.[2] Nash is not named as a defendant in Count II, and, therefore, that claim is not brought against Nash.

Although Nash is named as a defendant in Count X, neither Nash nor Bowman has provided an appropriately supported motion to dismiss Count X.[3] Therefore, the motion to dismiss filed by Nash is denied because it fails to address the claim brought against him. The court considers Bowman's motion only as it pertains to Count II.

## Standard of Review

When a defendant moves to dismiss the plaintiff's claim or claims under Federal Rule of Civil Procedure 12(b)(6), the court

---

[2] Although the State of New Hampshire is listed as a defendant in Count II, the State is not included in the caption of the Amended Complaint nor does it appear that the state was served as a defendant in the case.

[3] In their replies, Bowman and Nash attempt to broaden the scope of their motions to include Count X. Because a reply cannot serve that purpose, the new arguments are not considered here.

"accept[s] as true all well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." Decotiis v. Whittemore, 635 F.3d 22, 27 (1st Cir. 2011) (internal quotation marks omitted).  To state a claim, the plaintiff must allege "a plausible entitlement to relief," meaning "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007).  The Rule 12(b)(6) standard requires more than labels, conclusions, or a mere recitation of the elements of a cause action.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Plausibility does not require allegations amounting to a probability but needs more than a mere possibility.  Id.

## Background

The following summary of the pertinent facts is taken from Gorsuch's Amended Complaint.

Michael Gorsuch and his friend, Daniel Rodriguez, celebrated the Red Sox World Series win on October 28, 2007, at the Sky Lounge in Nashua, New Hampshire.  Gorsuch and Rodriguez then left in a car that Rodriguez had taken home from the Toyota Scion dealership, where he worked.  Rodriguez drove, and Gorsuch was in the passenger seat.  Neither wore seatbelts.  During the drive

home on Thornton Street in Nashua, Rodriguez lost control of the car, which spun several times and hit a large tree.

Rodriguez was killed in the accident.  Gorsuch was protected by the passenger side airbag and was not seriously injured.  Nashua Fire and Rescue and Nashua Police Department officers responded to the scene of the accident.  The collision reconstruction team was headed by Lieutenant John C. Fisher and included Sergeant James Maloney and Officer Jeff Maher.  They determined that the accident appeared to be a negligent homicide.  Gorsuch was charged with negligent homicide.

The Nashua police officers determined that Gorsuch was driving the car when the accident occurred.  Gorsuch's attorney obtained a technical accident reconstruction which determined that Gorsuch was a passenger and that Rodriguez was driving the car.  After reviewing both accident reconstruction analyses at the request of the County Attorney, former New Hampshire State Trooper Gordon Johnson agreed with Gorsuch's reconstruction report that Rodriguez was the driver.  The County Attorney then ordered that the case be "nolle prossed" just before trial.

Maloney, Fisher, and the Nashua Police Department then asked New Hampshire State Troopers Carleen Bowman and Mark Nash to prosecute Gorsuch in an administrative proceeding to take away Gorsuch's right to drive in New Hampshire.  Bowman prosecuted

Gorsuch in administrative hearings on May 20, 2009, and June 30, 2009, presenting evidence provided to her by the Nashua police. Nash prosecuted the case and presented evidence, also from the Nashua police, at a hearing on December 4, 2009.  The hearings examiner determined that the state had not shown that Gorsuch was driving the car.

## Discussion

Gorsuch brings a state law claim of malicious prosecution against Trooper Bowman in Count II.  Bowman moves to dismiss the claim on the grounds of sovereign immunity and absolute prosecutorial immunity.  Gorsuch objects to the motion, except that he concedes that his claim against Bowman in her official capacity is barred by sovereign immunity under the Eleventh Amendment.

### A.   Sovereign Immunity

Gorsuch alleges Count II against Bowman in her individual and official capacities.  Under the Eleventh Amendment, "a state may not be sued directly absent its own consent . . . ." Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009).  Suits against state employees in their official capacities are barred by the state's sovereign immunity unless

the plaintiff seeks only prospective injunctive or declaratory relief.  <u>Id.</u> at 478.

   Gorsuch does not dispute that the Eleventh Amendment bars his claim against Bowman in her official capacity and concedes that the claim cannot proceed.  He contends, however, that his claim against Bowman in her individual capacity does not implicate sovereign immunity.  Bowman's motion does not address sovereign immunity in the context of the individual capacity claim.  Count II is thus dismissed against Bowman in her official capacity based on sovereign immunity.


B.  <u>Prosecutorial Immunity</u>

   "Absolute immunity protects the prosecutor's '"role as advocate for the State,"' and not his or her role as an '"administrator or investigative officer."'"  <u>Guzman-Rivera v. Rivera-Cruz</u>, 55 F.3d 26, 29 (1st Cir. 1995) (quoting <u>Burns v. Reed</u>, 500 U.S. 478, 491 (1991), in turn quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976)).  "The decision whether or not to charge is at the core of the prosecutorial functions the courts have sought to insulate from second guessing through civil litigation."  <u>Harrington v. Almy</u>, 977 F.2d 37, 40 (1st Cir. 1992); <u>see also</u> <u>Belcher v. Paine</u>, 136 N.H. 137, 144-45 (1992).  "State officials performing prosecutorial functions--including

their decisions to initiate administrative proceedings aimed at legal sanctions--are entitled to absolute immunity as well." Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 701 (1st Cir. 1995).

In Count II, Gorsuch alleges that Bowman, along with the City of Nashua, the State of New Hampshire, James Maloney, and John Fisher, subjected Gorsuch to civil proceedings at the New Hampshire Department of Safety without probable cause and for an improper purpose. Bowman moves to dismiss the claim against her in Count II on the ground of prosecutorial immunity. Gorsuch objects, citing his federal conspiracy claim in Count X. In particular, Gorsuch cites paragraphs 99 through 105 of his Amended Complaint, which are part of Count X.

As is explained above, Bowman moves to dismiss Count II based on prosecutorial immunity, not Count X. Gorsuch does not allege a conspiracy in Count II, although Count II does purport to incorporate all allegations contained in preceding and subsequent paragraphs of the Amended Complaint. Even if paragraphs 99 through 105 were considered as part of Count II, however, Gorsuch fails to explain why the allegations would preclude prosecutorial immunity.

In Count II and in paragraphs 99 through 105 Gorsuch alleges that Bowman "initiated or procured the initiation of a civil

proceeding, or prosecuted the civil proceeding." Am. Compl. at ¶ 56 & ¶ 102. Gorsuch further alleges that Bowman knew or should have known that probable cause was lacking and that she initiated the proceeding "primarily be [sic] reason of ill will or hostility, or primarily to obtain a personal advantage." Id. at ¶ 60. Although Gorsuch argues that Bowman was acting as an investigator, not a prosecutor, and that she engaged in "non-prosecutorial acts," he does not provide any such allegations in his Amended Complaint. (Document 26, Ex. 1, p. 10).

Instead, Gorsuch alleges that Bowman is liable for malicious prosecution based on procuring and initiating the proceeding against him at the Department of Safety. A decision to initiate an administrative proceeding with the purpose of imposing legal sanctions is entitled to absolute prosecutorial immunity. Wang, 55 F.3d at 701. The prosecutor's alleged malicious intent in initiating proceedings does not preclude absolute prosecutorial immunity. See Belcher, 136 N.H. at 147-48. Therefore, Bowman is entitled to prosecutorial immunity against liability for malicious prosecution, and the claim against her in Count II must be dismissed.

## Conclusion

For the foregoing reasons, Nash's motion to dismiss (document no. 22) is denied. Bowman's motion to dismiss (document no. 21) is granted as to Count II, which is dismissed as to Bowman.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

June 1, 2011

cc:  Brian J.S. Cullen, Esquire
     Richard J. Lehmann, Esquire
     Kevin H. O'Neill, Esquire